UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**AUDIO MPEG, INC., et al.**

        **Plaintiffs,**

v.                                                                    Civil Action No. 2:05cv185

**CREATIVE LABS, INC., et al.**

        **Defendants.**

## OPINION AND ORDER

This matter is before the court on the following motions of plaintiff, Audio MPEG:

1. Plaintiff's Motion for Reconsideration of November 17, 2005 Opinion and Order or in the Alternative for Certification for Interlocutory Appeal and Stay of Order (Doc. 39)
2. Plaintiff's Motion to Seal November 17, 2005 Opinion and Order (Doc. 36)
3. Plaintiff's Motion for Leave to File Sealed Versions of Documents Related to Plaintiff's Motion for Reconsideration or in the Alternative Interlocutory Appeal and Stay of Order (Doc. 41)

The court heard oral argument regarding these matters on February 2, 2006. For the reasons set forth herein and stated on the record, the above motions are **DENIED.**

### I. Procedural Background

The facts in this case are complex and have been set forth in detail in this court's prior November 17, 2005 Opinion and Order. Therefore, the following procedural background relates only to the motions that are currently before the court.

On November 17, 2005, this court entered an Opinion and Order finding that Audio MPEG does not have standing to sue without the joinder of the patent owners. The court ordered Audio

MPEG to join the patent owners within fifteen days of that Order or have the case dismissed with prejudice. On November 23, 2005, Audio MPEG filed a "Plaintiff's Motion to Seal November 17, 2005 Order" claiming that the information contained in such Order was commercially sensitive. On November 29, 2005, Creative filed its opposition to Audio MPEG's motion to seal.

On December 1, 2005, Audio MPEG filed its "Plaintiff's Motion for Reconsideration of November 17, 2005 Opinion and Order or in the Alternative for Certification for Interlocutory Appeal and Stay of Order" and "Plaintiff's Motion for Leave to File Sealed Versions of Documents Related to Plaintiff's Motion for Reconsideration or in the Alternative Interlocutory Appeal and Stay of Order". On December 12, 2005, Creative filed its opposition to the motion to reconsider and motion to seal documents related to the motion to reconsider. On December 15, 2005, Audio MPEG filed its replies. On February 2, 2006, this court held a hearing with regard to the above motions and instructed the parties that this Opinion would be forthcoming.

## II. Discussion

### A. Motion to Reconsider or in the Alternative for Certification for Interlocutory Appeal and Stay of Order

Audio MPEG asks this court to reconsider its November 17, 2005 Opinion and Order in which it found that Audio MPEG does not have the right to sue without the joinder of the patent owners. Audio MPEG argues that this court based its decision on a misunderstanding of the rights of the patent owners and Creative's potential exposure to multiple suits.

Federal Rule of Civil Procedure 59(e) allows an aggrieved party to file a motion to alter or amend a judgment.[1]  However, the Fourth Circuit Court of Appeals has recognized only three

---

[1]Although Audio MPEG does not specifically reference Rule 59(e), the court construes this motion as made pursuant to this rule because the plaintiff filed the instant motion within ten

grounds for amending an earlier judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993) (internal citations omitted). A party requesting relief based on new evidence under Rule 59(e) must show why such proof could not have been submitted at the time the court considered the motion for summary judgment. RGI, Inc. v. United Ind., Inc., 963 F.2d 658, 662 (4th Cir. 1992).

A party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion, and such a motion should not be used to rehash the same arguments and facts previously presented. Id.; Keyes v. National R.R. Passenger Corp., 766 F.Supp. 277, 280 (E.D. Pa. 1991). Rather, "the purpose of a Rule 59(e) motion is to 'allow the court to reevaluate the basis for its decision.'" Rouse v. Nielson, 851 F. Supp. at 734 (D.S.C. 1994 (quoting Keyes, 766 F. Supp. at 280)). In addressing petitioner's claim, the court is mindful that, "[a] Rule 59(e) motion is not intended to allow for reargument of the very issues that the court has previously decided." Delong v. Thompson, 790 F.Supp. 594, 618 (E.D. Va. 1991). The court of appeals reviews a district court's ruling on a Rule 59(e) motion for abuse of discretion. Timkin v. Frederick County Comm'rs, 945 F.2d 716, 724 (4th Cir. 1991).

In this case, Audio MPEG asks this court to amend its order to correct a clear error of law or to prevent manifest injustice, specifically, the court's alleged misunderstanding of the rights of the patent owners in light of existing case law and Creative's potential exposure to multiple suits. Furthermore, Audio MPEG claims that under the principle of stare decisis, the court must find that Audio MPEG has standing to sue alone.

---

days of the court's November 17, 2005 Order and Opinion.

After considering the parties' briefs and oral argument, the court finds that Audio MPEG has not presented any new information that would persuade this court to change its prior decision. Audio MPEG essentially makes the same arguments that it did when this court initially considered Creative's motion to dismiss. However, Audio MPEG now asks this court to interpret the 2002 Agreement as having a meaning beyond what the written language of the Agreement actually states. Audio MPEG has submitted the declaration of Richard Neal, Audio MPEG's President, to support its interpretation of the 2002 Agreement. However, the court has considered Mr. Neal's declaration and finds that it actually supports the court's holding that the patent owners retain substantial rights in the patents because Audio MPEG is required to consult with the owners for *input* regarding "decisions relating to licensing and litigation of Audio MPEG's patent rights." (Pl. Mem. Ex. 8, Richard Neal Declaration ¶ 4.) Because Audio MPEG has failed to convince this court that it misunderstood the rights of the patent owners when it initially considered Creative's motion to dismiss, this court **DENIES** Audio MPEG's motion to reconsider.

In the alternative, Audio MPEG asks this court to certify its order for interlocutory appeal to the Federal Circuit and stay its order pending the interlocutory appeal. Audio MPEG claims that this case meets the requirements for interlocutory appeal because it involves a controlling question of law as to which there is substantial ground for difference of opinion, and an immediate appeal may materially advance the ultimate termination of litigation. Creative disagrees and argues that Audio MPEG cannot demonstrate that an interlocutory appeal or stay is necessary.

28 U.S.C. § 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order **involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the**

>**ultimate termination of the litigation**, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, that application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.SC. § 1292(b) (Emphasis added).

Thus, in order to grant leave for an interlocutory appeal, a court must find that (1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. Id. "[T]he second element is related to and dependent upon the first element - the denial must involve a controlling question of law, and there must be substantial ground for a difference of opinion as to that controlling question of law, not generally as to the denial itself." KPMG Peat Marwick, L.L.P. v. Estate of Nelco Ltd., Inc., 250 B.R. 74 (E.D.Va. 2000). To hold otherwise - "i.e., that the court need only find a disagreement as to the . . . Court's ultimate decision, not as to the questions of law involved- [would] render[] the second element essentially meaningless." Id.

Section 1292(b) should be used sparingly and its requirements should be strictly construed. Myles v. Laffitte, 881 F.2d 125, 127 (4th Cir. 1989); see also Xoom, Inc. v. Imageline, Inc., 1999 WL 1611444 (E.D.Va. 1999)(unpublished). Section 1292(b) "was not intended to allow interlocutory appeals in ordinary suits or as a 'vehicle to provide early review of difficult rulings in hard cases;' rather it 'is limited to extraordinary cases where early appellate review might avoid protracted and expensive litigation.'" Xoom, Inc., 1999 WL 1611444 at * 1(citing State Ex Rel. Howes v. Peele, 889 F.Supp. 849, 852 (E.D.N.C.1995) (citing Abortion Rights Mobilization, Inc. v. Regan, 552 F.Supp. 364, 366 (S.D.N.Y.1982)).

Courts have held that the question of standing and subject matter jurisdiction are controlling questions of law. KPMG Peat Marwick, L.L.P. v. Nelco, Ltd., 250 B.R. 74, 81-82 (E.D.Va. 2000). Thus, the remaining issues in the instant case are (1) whether "there is substantial ground for difference of opinion" as to the question of standing and (2) whether "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.SC. § 1292.

Audio MPEG claims that there is substantial ground for a difference of opinion because the courts in both Eyeticket Corp. v. Unisys Corp., 155 F. Supp. 2d 527 (E.D. Va. 2001), and Audio MPEG, Inc. v. Thomson, Inc., Civil Action No.05-0565 (E.D. September 12, 2005), have reached a conclusion that is in direct opposition to the decision in the instant case. However, as discussed in depth in this court's November 17, 2005 Order, the facts in this case are distinguishable from that in Eyeticket. Thus, this court's November 17, 2005 Order is not in conflict with the Eyeticket opinion. With regard to Thomson, the order denying Thomson's motion to dismiss does not contain analysis of the standing issue; thus, it can hardly be said to conflict with this court's order for the purpose of determining if there is substantial grounds for a difference of opinion as to this area of law. Furthermore, the Federal Circuit never ruled on Thomson. The Federal Circuit issued a briefing schedule on Thomson's petition for writ of mandamus, but Audio MPEG settled the case before ever filing its response to Thomson's petition. Therefore, Thomson cannot be said to be in conflict with the instant case. Thus, Audio MPEG has not meet its burden for an interlocutory appeal.

Moreover, although the analysis that a court must conduct to determine whether an exclusive licensee has standing to sue alone is complex, there does not seem to be a substantial ground for difference of opinion within Federal Circuit case law. In fact, the case law seems to be fairly consistent, even though the cases are extremely fact specific. The summary of the cases concerning

this area of law in the recent Sicom opinion illustrates this point. The fact that a court must painstakingly dissect an agreement to apply the law to the unique facts of a particular case does not necessarily mean that there is a substantial difference of opinion as to the controlling law in this area. Accordingly, Audio MPEG has failed to demonstrate the existence of the second element required by section 1292(b).

The third element of section 1292(b) requires that "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.SC. § 1292(b). Audio MPEG argues that if the Federal Circuit finds that Audio MPEG has sufficient rights for it to sue alone, then the parties will be spared the burden and expense of additional party litigation. However, Audio MPEG's argument does not exactly address the third element. The fact that the parties will be spared the burden of having to litigate with additional parties, i.e., the patent owners, does not mean that the ultimate termination of the litigation will be advanced. As Creative points out, if Audio MPEG won the appeal, Audio MPEG would continue as the only plaintiff, but the Complaint would not terminate. In fact, the parties would be left in the exact same position as they are currently. In other words, the litigation would simply continue where it left off.

If Audio MPEG lost the appeal, the patent owners would be joined, which has already happened, and the litigation would continue from this same point. Even if the Federal Circuit decided that, instead of joining the patent owners, the case should be dismissed, Audio MPEG would simply have to re-file its Complaint with the patent owners, and begin the case again. Thus, any immediate appeal of the standing issue would not terminate litigation. Accordingly, Audio MPEG has not shown that all three elements of section1292(b) are present in this case. Thus, this court **DENIES** Audio MPEG's motion to certify this court's November 17, 2005 Order for interlocutory appeal.

Audio MPEG also asks this court to stay this judgment pending appeal. However, since this court has denied Audio MPEG's request for an interlocutory appeal, the request to stay this case is moot. However, in the interest of being thorough, the court finds that Audio MPEG is unable to show that staying the case is necessary. In determining whether to issue a stay, a district court must consider the following factors: "(1) whether the stay applicant has made a strong showing that the appeal is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties to the appeal; and (4) where the public interest lies." Washington Speakers Bureau, Inc. v. Leading Auths., Inc., 49 F. Supp. 2d 496, 499 (E.D. Va. 1999) (citing Hilton v. Braunskill, 481 U.S. 770, 776 (1987); Long v. Robinson, 432 F.2d 977, 979 (4th Cir. 1977); Odetics, Inc. v. Storage Tech. Corp., 14 F. Supp. 2d 785, 797 (E.D. Va. 1998)). The party asking for the stay bears the burden of establishing the need for such stay. Clinton v. Jones, 520 U.S. 681, 708 (1997).

As discussed above, Audio MPEG has not made a strong showing that it would succeed on appeal or that it would be irreparably injured absent a stay. Audio MPEG has already joined the patent owners and presumably already consulted them prior to initiating this lawsuit. Furthermore, now that Creative has attacked the licensed patents in its counterclaims, Audio MPEG must consult the patent owners as to the "best course of action". (2002 Agreement § 6.02.) Denying a stay should not injure the patent owners as they already contractually agreed to be joined if ordered by a court. Moreover, if the court granted the stay, the parties could be potentially harmed by the unnecessary delay in determining the rights in the patents-in-suit. In addition, all parties will have to devote significant time and expense to litigating the same standing issue at the appellate level. Finally, the public interest lies in resolving the dispute so that the parties may continue in their businesses with

8

a clear understanding of their rights. Accordingly, Audio MPEG is unable to show that a stay is necessary.

B. **Plaintiff's Motion to Seal November 17, 2005 Opinion and Order AND Plaintiff's Motion for Leave to File Sealed Versions of Documents Related to Plaintiff's Motion for Reconsideration or in the Alternative Interlocutory Appeal and Stay of Order**

Audio MPEG has also filed a (1) Motion to Seal November 17, 2005 Opinion and Order and (2) a Motion for Leave to File Sealed Versions of Documents Related to Plaintiff's Motion for Reconsideration or in the Alternative Interlocutory Appeal and Stay of Order. Because the court applies the same analysis to these two motions, and the information that Audio MPEG asks this court to seal is the same with regard to both motions, the court will address the motions simultaneously.

Audio MPEG asks this court to seal its November 17, 2005 Opinion and Order and all documents related to its motion to reconsider and request for interlocutory appeal. On September 14, 2005, the court entered an Order sealing the unredacted versions of the memorandum in support of Defendant's Motion to Dismiss and all copies of the 2002 Agreement between Audio MPEG and the patent owners. However, on November 17, 2005, this court entered an Opinion and Order in which it references and quotes the 2002 Agreement. Audio MPEG now asks that the court seal the November 17th Opinion and Order and all documents related to its motion to reconsider that Order.

The majority of the information that Audio MPEG wants redacted comes from the 2002 Agreement between Audio MPEG and the patent owners and the Agreement and Authorization Among Audio MPEG, Sisvel, and France Telecom. The plaintiff claims that these are private business agreements that contain confidential, proprietary and commercially sensitive information that is not of public concern. In addition, Audio MPEG claims that this information can only be protected by sealing the court's Order.

9

However, Creative argues that the court's Order and the resulting motion to reconsider and related documents should not be sealed because most of this information is already available to the public, and the public has a right of access to it under both common law and the First Amendment. Specifically, the defendant claims that, under the First Amendment, any information submitted in connection with the motion to dismiss lost its confidential status the moment that the court considered it in ruling on the motion. Furthermore, the defendant claims that there is a public right of access under the common law because the public has an interest in the disclosure of all information relevant to the plaintiff's standing to sue alone, specifically, the interest in saving time and expense in litigating the issue of the plaintiff's standing in future litigation. The parties agree that it is within the discretion of the court to make the decision whether to seal such information. See Nixon v. Warner Comm., Inc., 435 U.S. 589, 598 (1977).

There is a common law right of access to judicial records and proceedings which presumes a right to inspect and copy judicial records and documents. In determining if the common law presumption applies, some of the factors that a court should consider are, "whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." Rambus, Inc. v. Infineon Tech. AG, 2005 U.S. Dist. LEXIS 8621 at *10-11 (EDVA 2005)(Richmond Division)(J. Payne) (quoting Va. Dep't of State Police v. Washington Post, 386 F.3d 567, 575 (4th Cir. 2004)). However, this presumption can be overcome if "competing interests outweigh the interest in access." Id. at *8. The Fourth Circuit reviews the court's denial of the common law right of access for "abuse of discretion." Id.

10

However, the First Amendment right of access only extends to particular judicial records and documents, which include documents filed in connection with dispositive motions, such as a motion to dismiss. Id. at *7-8; see also Stone v. Univ. of Maryland Med. Sys. Corp., 855 F.2d 178, 180 (4th Cir. 1988); In re Time Inc., 182 F.3d 270 (4th Cir. 1999). The First Amendment right of access affords protection to the public's interest by presuming a right of access which can only be denied if the party asking that such records be sealed can show "that there is a compelling government interest" in sealing the documents and the denial is "narrowly tailored to serve that interest." Stone, 855 F.2d at 180; Va. Dep't of State Police, 386 F.3d at 574.

After reviewing the parties' briefs and hearing their oral argument, the court finds that Audio MPEG's motion to seal should be denied for three reasons. First, most of the information that Audio MPEG requests this court to redact from the relevant documents is already available to the public from other sources, whether through Audio MPEG's own actions or prior litigation. Second, the information should not be redacted because under the common law and the First Amendment, the public has an interest in the information in this court's November 17, 2005 Order and the documents related to Audio MPEG's motion to reconsider the November 17th Order. Third, the information that Audio MPEG asks this court to seal is not commercially sensitive.

One particular Fourth Circuit case, Va. Dep't of State Police v. Washington Post, 386 F.3d 567, 575 (4th Cir. 2004), is instructive as to the procedure that a district court should go through in order to unseal a document that was previously sealed. Although the documents at issue in Washington Post have nothing to do with the facts in our case[2], the description of the steps in

---

[2]The documents at issue in Washington Post dealt with information collected during a murder investigation, whereas the documents in our case are related to private business transactions.

analysis required by the Fourth Circuit is helpful.

In Washington Post, the Fourth Circuit reviewed the district court's decision to unseal documents submitted to the court in relation to a murder investigation. Id. at 571. The case came before the court of appeals following a civil case filed by a criminal defendant who had since been pardoned. Id. The Virginia State Police Department, who was not a party to the suit, challenged the district court's decision to unseal certain documents pertaining to the State Police's investigation. Id. at 572-73. The Fourth Circuit reviewed de novo the district court's decision to unseal certain documents and the First Amendment status of such documents. Id. at 575, 578. The Court of Appeals first determined whether the district court correctly accorded the documents First Amendment status. Id. at 578. After determining that certain documents had correctly been accorded First Amendment status, the Fourth Circuit had to determine whether the district court correctly determined that the Virginia State Police did not have a compelling governmental reason to keep the documents sealed. Id.

The Fourth Circuit determined that most of the documents were correctly accorded First Amendment status and the state police had failed to show a compelling government interest. Id. 579-581. Accordingly, the documents no longer needed to be sealed. Id. The Court of Appeals did not have to reach the common law analysis as to these documents because the district court had correctly determined that the documents were subject to a First Amendment right of access. Id. However, the court remanded the case for further consideration as to four documents because the district court had assumed, without explanation, that the public had a First Amendment right of access to them. Id. The court also ordered the district court to consider on remand whether there was a common law right of access as to these four documents, and whether the Virginia State Police had sufficient reason to

restrict such access. Id.

Accordingly, in the instant case, the court must first determine whether the information in the November 17, 2005 Order and the related documents is accorded First Amendment status. In this case, the documents are accorded First Amendment status because they were filed in relation to a dispositive motion, specifically a motion to dismiss. Next, the court must determine if Audio MPEG has offered a compelling government interest in keeping the records sealed. In this case, the plaintiff has not even attempted to offer a compelling government interest. Thus, the information in the Order and the related documents should remain unsealed.

Under the common law analysis, the documents should also remain unsealed. In the instant case, Creative claims that the information in the order applies to private business agreements and is commercially sensitive. However, much of the information is already available to the public, and that which is not, is not the kind of information that would allow someone to gain any sort of unfair business advantage. Furthermore, the defendant does not seem to be trying to make the information public for any improper purpose, but instead to save the public future expense and energy in gathering these same documents to determine whether Audio MPEG has standing to sue alone. Audio MPEG's proposed redactions would make it impossible for any interested parties to comprehend the court's order, given the sheer volume of redactions, and the fact that Audio MPEG has redacted almost all of the language that rules against its position.

Finally, although the court recognizes that protection of a third party can justify sealing in some circumstances, see Pittston Co. v. United States, 368 F.3d 385, (4th Cir. 2004), the court finds that this is not such a case. Specifically, the court finds unpersuasive Audio MPEG's claim that it has an obligation to Thomson and France Telecom to keep confidential the Agreement and

13

Authorization Among Audio MPEG, Sisvel, and France Telecom, especially given the fact that France Telecom is now a party in this suit, and the information contained in that agreement and the related documents is not commercially sensitive and has already been available to the public since November 17, 2005. Thus, the court **DENIES** Audio MPEG's motion to seal the November 17, 2005 Opinion and Order and the documents related to its motion to reconsider.

### III. Conclusion

Accordingly, for the reasons set forth herein and stated on the record, the court **DENIES** the following motions**:**

1. Plaintiff's Motion for Reconsideration of November 17, 2005 Opinion and Order or in the Alternative for Certification for Interlocutory Appeal and Stay of Order (Doc. 39)
2. Plaintiff's Motion to Seal November 17, 2005 Opinion and Order (Doc. 36)
3. Plaintiff's Motion for Leave to File Sealed Versions of Documents Related to Plaintiff's Motion for Reconsideration or in the Alternative Interlocutory Appeal and Stay of Order (Doc. 41)

Furthermore, because Audio MPEG has joined the patent owners, as this court ordered, Creative's motion to dismiss (Doc. 10) is **MOOT**. The court also **DENIES** Audio MPEG's motion to seal (Doc. 24), which was filed on August 29, 2005. In addition, the court **ORDERS** the parties to contact Magistrate Judge F. Bradford Stillman within seven (7) days of this Order to schedule a settlement conference in this case.

The Clerk is **REQUESTED** to mail copies of this Order to counsel of record.

**IT IS SO ORDERED.**

/s/
Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

February 14, 2006
Norfolk, Virginia

14